Rule 23 Order filed NO. 5-01-0127
April 23, 2002;
Motion to publish granted IN THE
May 24, 2002.
 APPELLATE COURT OF ILLINOIS

 FIFTH DISTRICT
_______________________________________________________________________
____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellee, ) Fayette County.
 )
v. ) No. 00-DT-48
 )
KEN A. THOMAN, ) Honorable
 ) S. Gene Schwarm,
 Defendant-Appellant. ) Judge, presiding.
_______________________________________________________________________
____

 JUSTICE WELCH delivered the opinion of the court:

 Ken A. Thoman (defendant) appeals from his conviction, following
a jury trial in the circuit court of Fayette County, for driving with
a blood alcohol concentration of 0.08 or more in violation of section
11-501(a)(1) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-
501(a)(1) (West 2000)). He raises two issues on appeal: whether the
evidence presented at the trial was sufficient to prove him guilty
beyond a reasonable doubt where no evidence of the alcohol
concentration in his "whole blood" was presented but only evidence of
the alcohol concentration in his "blood serum" and whether the trial
court erred in allowing into evidence the result of the blood serum
alcohol analysis where the State failed to establish the necessary and
proper foundation for its admission. We will set forth only those
facts necessary to our disposition on appeal.
 Defendant was charged by information filed in the circuit court
of Fayette County on January 5, 2001, with driving with a blood
alcohol concentration of 0.08 or more in violation of section 11-
501(a)(1) of the Code and with driving while under the influence of
alcohol in violation of section 11-501(a)(2) of the Code (625 ILCS
5/11-501(a)(1), (a)(2) (West 2000)). On the State's own motion, the
charge of driving while under the influence of alcohol was dismissed
during the trial. A jury convicted defendant of driving with a blood
alcohol concentration of 0.08 or more, and on February 12, 2001,
defendant was sentenced to 18 months' probation.
 At defendant's jury trial, the State presented evidence that,
after defendant was involved in a one-vehicle accident, he was
transported to the local hospital, where his blood was drawn and
subjected to an alcohol analysis. This was not done at the request of
the police, but as a part of standard hospital procedures. As a part
of this analysis, his blood serum was separated from the whole blood,
and the serum was subjected to the analysis. The analysis of his
blood serum showed an alcohol concentration of 0.306. This result was
admitted into evidence at defendant's trial. However, no evidence was
presented as to the blood alcohol concentration in defendant's whole
blood or how blood serum alcohol concentration related to whole blood
alcohol concentration. Defendant argues on appeal that because the
State failed to prove that his whole blood alcohol concentration was
0.08 or more, it failed to prove him guilty beyond a reasonable doubt.

 It is now recognized that, although the term "blood" as used in
the Code is not defined therein, the term refers to whole blood, and
whole blood only, and that whole blood is the standard unit required
by the Code. See People v. Green, 294 Ill. App. 3d 139, 144-45
(1997). Blood serum is different from whole blood because the lack of
red and white blood cells and other particulate matter serves to
increase the relative percentage of water within the serum, which,
because alcohol has an affinity for water, results in higher alcohol
concentration levels in blood serum than in whole blood. Green, 294
Ill. App. 3d at 145. Thus, while the results of a blood serum
analysis are admissible at trial (People v. Menssen, 263 Ill. App. 3d
946, 953 (1994); Green, 294 Ill. App. 3d at 147), the State must still
prove beyond a reasonable doubt that the defendant's whole blood
alcohol concentration was 0.08 or more.
 Evidence of a defendant's whole blood alcohol concentration
level may stem from actual whole blood alcohol concentration test
results or from blood serum alcohol concentration test results
converted into whole blood equivalents. Green, 294 Ill. App. 3d at
147. Because a blood serum alcohol concentration test result can
predictably be anywhere from 12% to 20% higher than a whole blood
alcohol concentration test result (Menssen, 263 Ill. App. 3d at 953),
blood serum concentration test results are converted by dividing by a
corresponding factor between 1.12 to 1.20. See Green, 294 Ill. App.
3d at 146 n.2 (1.16 is the average of a range).
 The State argues that Green is distinguishable from the case at
bar because it involved the application of the presumptions set forth
in section 11-501.2(b) of the Code (625 ILCS 5/11-501.2(b) (West
2000)), whereas the case at bar involves a violation of section 11-
501(a)(1), and that the holding of Green that the term "blood" as used
in the Code means whole blood applies only to prosecutions involving
the presumptions provided in section 11-501.2(b) and not to
prosecutions involving section 11-501(a)(1). In Green, the court held
that a jury could not employ any of the presumptions provided in
section 11-501.2(b) of the Code (for example, that a person with a
blood alcohol concentration of 0.08 or more is under the influence of
alcohol) based on a person's blood serum alcohol concentration.
Green, 294 Ill. App. 3d at 147. Such a presumption could only be
employed on the basis of a person's whole blood alcohol concentration.
 Allowing a jury to employ such a presumption on the basis of a
defendant's unconverted blood serum alcohol concentration level is
error. Green, 294 Ill. App. 3d at 147.
 We do not believe that the term "blood" means one thing for the
purpose of section 11-501.2(b) of the Code and something different for
the purpose of section 11-501(a)(1) of the Code. The State posits,
and we can think of, no sensible reason why this should be so. We
believe that the term means whole blood alcohol concentration for the
purposes of both sections of the Code. Where the same word is used in
different sections of the same statute, it should be given the same
meaning unless something in the context indicates that the legislature
intended otherwise. McMahan v. Industrial Comm'n, 183 Ill. 2d 499,
513 (1998). Nothing in the Code indicates that the legislature
intended the word "blood" to have a different meaning in these two
section. Thus, section 11-501(a)(1) of the Code requires the State to
prove that the defendant's whole blood alcohol concentration was 0.08
or more. It can do this only by presenting evidence of an actual
whole blood alcohol concentration test result or from blood serum
alcohol concentration test results converted into whole blood
equivalents. Green, 294 Ill. App. 3d at 147. In the instant case,
the State failed to present either type of evidence. Instead, the
State presented only evidence of defendant's blood serum alcohol
concentration test result.
 We agree with defendant that the State failed to prove beyond a
reasonable doubt that defendant’s whole blood alcohol concentration
was 0.08 or more. The jury was presented with evidence of defendant's
blood serum alcohol concentration, but it was presented with no
evidence of the conversion factor. It is not the defendant's burden
to present this evidence, for the State bears the burden of proving
every essential element of the offense beyond a reasonable doubt. See
People v. Rose, 77 Ill. App. 3d 330, 335 (1979). The State could have
proved the whole blood alcohol concentration through expert testimony
regarding the conversion factor or through asking the trial court to
take judicial notice of, and instruct the jury on, the appropriate
conversion factor. See, e.g., 20 Ill. Adm. Code §1286.40 (2001). It
did neither.
 In its brief on appeal, the State makes a "harmless error"
argument, arguing that, even if the highest conversion factor of 1.20
were applied to defendant's blood serum alcohol concentration test
result, his whole blood alcohol concentration would still be over
0.08. The State is essentially arguing that, if it had presented
sufficient evidence, defendant would have been proved guilty beyond a
reasonable doubt, so any failure to present the evidence is harmless.
The error in this argument is obvious. The State has the burden of
proving defendant guilty beyond a reasonable doubt. Rose, 77 Ill.
App. 3d at 335. We reject the use of a harmless error argument
regarding the insufficiency of the evidence.
 The absence of evidence of defendant's whole blood alcohol
concentration at the time of his driving results in a failure of proof
on an essential element of the charge of driving with an alcohol
concentration of 0.08 or more. Accordingly, we reverse defendant's
conviction and sentence based on the insufficiency of the evidence.
In light of this disposition, we need not address the second argument
raised by defendant on appeal.

 Reversed.

 GOLDENHERSH and HOPKINS, JJ., concur.

 NO. 5-01-0127

 IN THE

 APPELLATE COURT OF ILLINOIS

 FIFTH DISTRICT
_______________________________________________________________________
____________

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellee, ) Fayette County.
 )
v. ) No. 00-DT-48
 )
KEN A. THOMAN, ) Honorable
 ) S. Gene Schwarm,
 Defendant-Appellant. ) Judge, presiding.

_______________________________________________________________________
____________

Rule 23 Order Filed: April 23, 2002
Motion to Publish Granted: May 24, 2002
Opinion Filed: May 24, 2002
_______________________________________________________________________
____________

Justices: Honorable Thomas M. Welch, J.

 Honorable Richard P. Goldenhersh, J., and
 Honorable Terrence J. Hopkins, J.,
 Concur
_______________________________________________________________________
____________

Attorney Lou J. Viverito, Taylor Law Offices, P.C., 122 East
Washington Avenue, P.O. Box
for 668, Effingham, IL 62401-0668
Appellant
_______________________________________________________________________
____________

Attorneys Hon. Steve Friedle, State's Attorney, Fayette County, 221
So. 7th Street, Vandalia,
for IL 62471; Stephen E. Norris, Deputy Director, Sharon Shanahan,
 Contract Attorney,
Appellee Office of the State's Attorneys Appellate Prosecutor,
 Route 15 East, P.O. Box 2249, Mt. Vernon, IL 62864
_______________________________________________________________________
____________